**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MICHAEL IVERSON, #65119-380,    )
                             )
            **Petitioner,**    )
                             )
      **vs.**              )        **Case No. 18-cv-1532-NJR**
                             )
B. TRUE, and             )
ANTHONY ANNUCCI,    )
                             )
            **Respondents.**    )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

      Petitioner, an inmate of the Bureau of Prisons ("BOP") currently incarcerated in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a detainer placed upon him by the state of New York. Petitioner is serving a 37-month sentence for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). *United States v. Michael George Iverson*, Case No. 16-cr-00063-OLG (W.D. Tex); (Doc. 1-1).

      Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition filed in this case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## Factual Background

On February 22, 1996, Petitioner was sentenced to a 5 to 15 year term of imprisonment in Tioga County, New York, for Kidnapping in the Second Degree. (Doc. 1, p. 4). A few months later, he pleaded guilty to Rape in the First Degree in Steuben County, New York, and received a 6 to 18 year sentence, to run concurrently with the Tioga County sentence. *Id*. Both New York sentences were set to expire on January 15, 2015. *Id*.

Petitioner was released from state prison on February 22, 2013. (Doc. 1, p. 15). A warrant was issued for his arrest less than a month later for violating the terms of his parole. *Id*. (Doc. 1-1, p. 20). The state of New York Department of Corrections and Community Supervision ("DOCCS") received a tip that Petitioner was in Guadalupe County, Texas, on January 3, 2016. *Id*. Petitioner was arrested pursuant to the New York warrant that same day. (Doc. 1, p. 16) (Doc. 1-1, pp. 21-26). He was arraigned in Texas state court as a parole violator on January 4, 2016. *Id*. Four days later on January 8th, Petitioner was arrested by the United States Marshals Service for violating 18 U.S.C. § 2250(a) and arraigned in front of Judge John W. Primomo. (Doc. 1, p. 17). Petitioner was detained at the Guadalupe County Jail for 8 more months. (Doc. 1, p. 19). He was ultimately convicted of the federal crime of failure to register and sentenced.

When Petitioner entered the BOP, he was told that he had no warrants or detainers lodged against him. (Doc. 1, p. 4). On February 14, 2018, Petitioner learned for the first time that the New York State Department of Corrections had lodged a detainer on him, pending his release from federal custody. *Id*. Petitioner alleges that the detainer is invalid pursuant to both New York state law and federal law, and that it violates his rights under the Constitution. (Doc. 1, pp. 21-35).

Petitioner grieved the detainer through the BOP's administrative remedies, but his

grievances were denied. (Doc. 1, pp. 5-8).

Petitioner wrote to the DOCCS on March 16, 2018, and he was informed on April 4, 2018, that he would not be given a hearing on the detainer until he was released from the federal penitentiary and returned to New York State. (Doc. 1, p. 8) (Doc. 1-1, p. 49). Petitioner also wrote to Commissioner Anthony Annucci directly on May 2, 2018. (Doc. 1, p. 9). He received a reply from Deputy Commissioner Ana M. Enright on May 29, 2018, declining to intervene on his behalf and informing him that on September 9, 2018, he would be extradited to New York to face parole revocation proceedings. (Doc. 1, p. 10).

Petitioner also filed an Article § 78 Petition in the Albany County Supreme Court on June 18, 2018. (Doc. 1, p. 11). That matter is currently pending. *Id*.

Petitioner requests (1) a declaration that the acts and omissions committed by agents of the New York State Department of Corrections and Community Supervision violated Petitioner's rights under the Constitution and the laws of the United States; (2) that Parole warrant # 665584 be quashed and lifted; (3) any additional relief the Court deems just, proper, and equitable. (Doc. 1, p. 35).

### Discussion

Petitioner brought this action pursuant to 28 U.S.C. § 2241, which generally provides authority to federal courts to issue writs of habeas corpus. In contrast, 28 U.S.C. § 2254 governs writs "on behalf of a person in custody pursuant to a judgment of a State court." Petitioner is currently in federal custody, but he primarily challenges the issuance of a detainer by the state of New York. A detainer is a matter of state law, and is in effect, a detention on behalf of the issuing state. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); *Esposito v. Mintz*, 726 F.2d 371, 373 (7th Cir. 1984). A case challenging a state detainer must therefore be brought

pursuant to § 2254. *Espositio*, 726 F.2d at 373 (citing *Goodwin v. Hammock*, 502 F.Supp. 756 (S.D.N.Y. 1981)); *Rollins v. Sherrod*, No. 08-cv-115-GPM, 2009 WL 166983 at *2 (S.D. Ill. 2009).

Petitioner does not challenge his federal sentence; he makes no arguments regarding it. Instead, his arguments are primarily directed at the propriety of the detainer issued by the State of New York. Petitioner cannot bring a challenge to the detainer pursuant to § 2241 in this Circuit because § 2254 is the correct vehicle for a claim that one is in custody pursuant to an unconstitutional state judgment.

Perhaps to get around this conclusion, at one point Petitioner states that he is challenging the denial of an opportunity for placement in a residential re-entry center. (Doc. 1, p. 2). Some courts in this jurisdiction have held that § 2241 is the proper vehicle to contest such placements. *Moody v. Rios*, 2013 WL 5236747 (C.D. Ill. Sept. 17, 2013) (finding that halfway house placement can be addressed under § 2241); *but see Woolridge v. Cross*, No. 14-cv-963-DRH 2014 WL 4799893 (S.D. Ill. Sept. 26, 2014) (finding that claim must be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)); *Stokes v. Cross*, 13-998-CJP 2014 WL 503934, at *2 (S.D. Ill. Feb. 7, 2014) (same). But Petitioner's request for relief in this action says nothing about halfway houses or his current prison placement; it only asks for relief related to the New York detainer. As Petitioner has not asked for any relief related to his current prison placement (and devoted only a few lines out of 38 pages of briefing to the subject), the Court finds that Petitioner's current prison placement is not the true object of this action. Petitioner has also not articulated any standalone reason why his current prison placement violates the Constitution, which would require dismissal under § 2241 in any event; that statute only addresses claims that a prisoner is held in violation of the Constitution and laws of the United

States. The fact that the detainer may have kept Petitioner out of halfway house placement is not sufficient to bootstrap the issue of the validity of the detainer into a § 2241 action.

Additionally, Petitioner must show that he has exhausted his available state remedies before seeking federal relief. *Esposito*, 726 F.2d at 373; *Rollins*, 2009 WL 166983 at *2. Petitioner has documented many steps that he has taken in an attempt to exhaust his remedies, but none of them suffice at this time. Petitioner's grievances to the BOP have no effect in a habeas proceeding. *Rollins*, 2009 WL 166983 at *3 ("[Petitioner's] complaint is with the State . . . not the Bureau of Prisons."). Moreover, although Petitioner has initiated state court proceedings in New York, he concedes that they have not concluded. To exhaust his remedies, a prisoner must fairly present his claim in each appropriate state court, including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). Petitioner argues that it will take too long to exhaust his state remedies, but they have only been pending for less than three months. Petitioner has not argued that this is even an unreasonable amount of time, much less an unconstitutional period of time. Comity dictates that New York should have its chance to pass on the merits of Petitioner's claims.

For all of the reasons stated above, Petitioner is not entitled to relief under § 2241.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 5, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**